UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SYNTHESIS INDUSTRIAL HOLDINGS I, LLC,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:19-CV-1431 JCM<br><br>ORDER |

Presently before the court is appellant Synthesis Industrial Holdings 1 LLC's ("Synthesis") appeal of the bankruptcy court's order. (ECF Nos. 1 (notice of appeal); 6 (opening brief)). Appellee Rushmore Loan Management Services, LLC ("Rushmore") filed its answering brief (ECF No. 15), to which Synthesis replied (ECF No. 17).

**I.    Background**

Synthesis filed the instant appeal arguing that Judge Nakagawa wrongly granted Rushmore's motion to reconsider, void, revoke, or modify plan. The underlying dispute arises from the chapter 11 plan's treatment of a first deed of trust secured by the property located at 11604 Azule Celeste Place, Las Vegas, Nevada 89138 ("the property"). (ECF No. 15 at 2–3).

Nonparties Eric and Sylvia Yugor borrowed $413,600 to purchase the property in 2007. *Id.* at 2. The loan was secured by a deed of trust, which was assigned to U.S. Bank National Association ("US Bank") as trustee for the RMAC Trust Series 2016-CTT. *Id.* Rushmore services the loan for US Bank. (ECF Nos. 6 at 7; 15 at 2–3). The Yugors defaulted on the loan in 2016, and, on October 5, 2018, US Bank foreclosed on the property. (ECF No. 15 at 3).

**James C. Mahan**
**U.S. District Judge**

Unbeknownst to US Bank, Yugor[1] transferred the property—in violation of the deed of trust—to Synthesis in September 2017. *Id.* at 3–4. Yugor did not record the grant bargain sale deed until October 4, 2018, the day before the noticed foreclosure sale. *Id.* Without informing either US Bank or Rushmore, Synthesis filed chapter 11 bankruptcy on the morning of October 5. *Id.* at 4. Synthesis's only asset in bankruptcy was the property. *Id.* Synthesis did not list Rushmore in its bankruptcy schedules, did not serve Rushmore, and served US Bank only by first class mail. (ECF Nos. 6 at 7; 15 at 4–5).

Synthesis proceeded through its entire chapter 11 bankruptcy case and ultimately confirmed its chapter 11 plan. (ECF Nos. 6 at 7–12; 15 at 4–6). During the bankruptcy, Synthesis filed a claim on US Bank's behalf. (ECF Nos. 6 at 9–10; 15 at 4–5). The claim reduced the principal amount of the loan to $50,000 despite the fact that the property had a fair market value of $242,953 and was encumbered by the $413,600 deed of trust. (ECF No. 15 at 5).

Synthesis argues that US Bank had actual notice of the bankruptcy due to its purported service by first class mail. (ECF No. 6 at 7, 25). Rushmore and US Bank aver that they received notice of Synthesis's bankruptcy two months after plan confirmation. (ECF No. 15 at 4). On May 21, 2019, Rushmore filed its motion to reconsider, void, revoke, or modify plan. (ECF No. 7 at 772). On August 7, 2019, after a hearing on the motion, Judge Nakagawa granted Rushmore's motion. *Id.* at 768–78. Synthesis appealed. (ECF No. 1).

## II. Legal Standard

Jurisdiction of appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d at 900.

The district court reviews a bankruptcy court's conclusions of law, including its interpretation of the bankruptcy code, on a *de novo* basis. *In re Rains*, 428 F.3d at 900; *In re*

---

[1] Sylvia Yugor passed away in February 2017. (ECF No. 15 at 3).

**James C. Mahan
U.S. District Judge**

- 2 -

*Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011).  Findings of fact are reviewed for clear error. *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009).

### III. Discussion

This case turns on the proper interpretation and application of Fed. R. Bankr. P. 7004(h), which provides as follows:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—
>
> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Fed. R. Bankr. P. 7004.

On one hand, Synthesis argues that US Bank, in its capacity as trustee, is not an insured depository institution such that Rule 7004(b)(3), not 7004(h), governs service. (*See generally* ECF No. 6).  On the other, Rushmore contends that Judge Nakagawa properly found that US Bank is an insured depository institution entitled to Rule 7004(h)'s service requirements regardless of the capacity in which it appeared. (*See generally* ECF No. 15).  Because the court finds that Synthesis was required by Rule 7004(h) to serve US Bank by certified mail, the bankruptcy court's order is affirmed.[2]

First, whether US Bank is an insured depository institution is a question of fact the court reviews for clear error.  *Hinkson*, 585 F.3d at 1260.  As both parties acknowledge, Judge

---

[2] Rushmore also argues that the bankruptcy court lacked personal jurisdiction over US Bank. (ECF No. 15 at 12–14).  The court need not reach this issue.

Nakagawa's factual findings are entitled to extreme deference and must be upheld if they are "are plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), *aff'd,* 540 U.S. 644 (2004) (citing *United States v. Working,* 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc)). Under this standard, the reviewing court "cannot reverse even if it is convinced it would have found differently." *Id.*

The bankruptcy court relied on both public records from the Federal Deposit Insurance Corporation ("FDIC") and other cases involving US Bank to support its conclusion that US Bank is an insured depository institution. (ECF No. 7 at 777–78 and n.10). First, the FDIC clearly lists US Bank as an insured depository institution. *Id.* at 777 n.10 (citing FDIC BankFind, U.S. Bank National Association, *available at* https://research.fdic.gov/bankfind/detail.html (accessed July 31, 2019)). Second, parties in other bankruptcy cases involving US Bank—including one that Synthesis relied on when determining where to mail documents in this case—served US Bank by certified mail, as required by Rule 7004(h). *Id.* at 777–78.

Accordingly, the court finds that the bankruptcy court did not clearly err by finding that US Bank is an insured depository institution.

The court next considers whether Rule 7004(h) applies to insured depository institutions who appear only as trustees, rather than on their own behalf. This is a question of law the court reviews *de novo*. *In re Rains*, 428 F.3d at 900.

Questions of statutory interpretation must begin—and, where appropriate, end—with the statute's plan language. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). While the court need not look beyond a statute's natural reading, it may consider other tools of statutory construction "in close cases, or where the statutory language is ambiguous" to ensure that the statute as a whole is "'coherent and consistent.'"[3] *United States v. Monsanto*, 491 U.S. 600, 611

---

[3] Synthesis relies on Rule 7004's legislative history. "Judicial investigation of legislative history has a tendency to become . . . an exercise in looking over a crowd and picking out your friends." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) (internal quotation marks and citation omitted). Because the rule is unambiguous, the court need not—and should not—consider the legislative history.

**James C. Mahan**
**U.S. District Judge**

- 4 -

(1989); *Robinson*, 519 U.S. at 340 (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989)).

Rule 7004(h) requires that "service on an insured depository institution . . . in a contested matter or adversary proceeding . . . be made by certified mail . . . ." Fed. R. Bankr. P. 7004. Rule 7004(h) provides an exhaustive list of three exceptions where service by certified mail is not required.

> When a statute sets forth a series of items included under a general rule, the canon of *expressio unius est exclusio alterius*, under which a court infers an intention to make the statute's application restricted and limits the application of the statute to the specific listed examples, is often deemed applicable.

*In re Mark Anthony Const., Inc.*, 886 F.2d 1101, 1106 (9th Cir. 1989)

Nothing in the plain language of the rule and its exceptions indicates that service by certified mail is required only when an insured depository institution appearing on its own behalf. Similarly, nothing in the plan language suggests that service by anything other than certified mail is appropriate when the insured depository institution appears as a trustee. The court declines Synthesis's invitation to read words into the statute or add exceptions to the exhaustive list Congress has already provided.

Thus, the court finds that Synthesis was required to serve US Bank in accordance with Rule 7004(h). Because it did not, the bankruptcy court properly granted Rushmore's motion to reconsider, void, revoke, or modify plan. The bankruptcy court's order is affirmed.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bankruptcy court's order be, and the same hereby is, AFFIRMED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -