UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SYNTHESIS INDUSTRIAL HOLDINGS I, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:19-CV-1431 JCM <br><br> ORDER |

Presently before the court is debtor-appellant Synthesis Industrial Holdings 1 LLC's ("Synthesis") motion for leave to appeal under 28 U.S.C. § 1292(b). (ECF No. 25). Appellees U.S. Bank N.A. as Trustee for the RMAC Trust Series 2016-CTT ("U.S. Bank") and Rushmore Loan Management Services, LLC ("Rushmore") did not oppose and the time to do so has passed.[1]

I.   BACKGROUND

A. Facts

This appeal is a dispute over the proper interpretation and application of Fed. R. Bankr. P. 7004(h) which governs service of process on a federally insured depository institution. Debtor-Appellant Synthesis's only asset in bankruptcy is a Nevada property. (ECF No. 19 at 3). The first deed of trust on the property was assigned to U.S. Bank *as trustee for the RMAC Trust Series 2016-CTT* and Rushmore is the loan servicer. (*Id.* at 1).

---

[1] It is not lost on the court that the parties have fully briefed the appeal at the Ninth Circuit and that they do not oppose the Ninth Circuit hearing an appeal. *Synthesis Indus. Holdings v. U.S. Bank, N.A., et al.*, Case No. 20-16035, ECF Nos. 31, 33.

**James C. Mahan**
**U.S. District Judge**

Unbeknownst to U.S. Bank, the defaulting nonparty borrowers transferred the property—in violation of the deed of trust—to Synthesis. (*Id.* at 2). On the day of the foreclosure sale, Synthesis filed for chapter 11 bankruptcy. (*Id.*). Synthesis did not list Rushmore in its bankruptcy schedules, did not serve Rushmore, and, most notably, *served U.S. Bank by first class mail*. (*Id.*).

When U.S. Bank did not file a claim—because it did not know about the bankruptcy—Synthesis did so on its behalf. (*Id.*). The claim significantly reduced U.S. Bank's lien, reducing the loan amount to $50,000 despite a $242,953 fair market value and the $413,600 deed of trust. (*Id.*). Synthesis ultimately confirmed its chapter 11 plan. (*Id.*). Rushmore moved to void the confirmed plan, arguing that it first received notice of the bankruptcy two months after plan confirmation and otherwise did not participate in the proceeding. Synthesis opposed voiding its plan by arguing that U.S. Bank, in its capacity as trustee, is not an insured depository institution and thus Rule 7004(b)(3), not 7004(h), governs service of process and that it otherwise had actual notice of the bankruptcy because it was served by first class mail. (*Id.*).

Judge Nakagawa voided the confirmed plan, ruling that Synthesis was required to serve an insured depository institution like U.S. Bank *by certified mail* as required by Rule 7004(h) even if U.S. Bank is merely acting as a trustee. (*Id.*). In summary, Synthesis did not properly serve U.S. Bank and its plan had to be voided.

**B. Procedural History**

Synthesis appealed the bankruptcy court's order which this court affirmed. (ECF No. 19). Synthesis filed a notice of appeal. (ECF No. 21). As the Ninth Circuit points out, the bankruptcy court's order was interlocutory. (ECF No. 23 at 2). Yet Synthesis did not move in this court for leave to appeal the interlocutory order as required by 28 U.S.C. § 158(a)(3) nor did the court treat its notice of appeal as such a motion under Fed. R. Bankr. P. 8004(d). (*Id.*). Thus, the Ninth Circuit remanded for the court to decide whether to grant Synthesis leave to appeal—thereby perfecting its appellate jurisdiction—and whether to certify its order affirming the bankruptcy court under 28 U.S.C. § 1292(b) so that the Ninth Circuit

could then decide whether to accept an appeal. (*Id.* at 3). Synthesis now moves for leave to appeal under § 1292(b). (ECF No. 25).

## II.     LEGAL STANDARD

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158 vests district courts with appellate jurisdiction over three types of bankruptcy court orders: (1) "final judgments, orders, and decrees"; (2) "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title"; and (3) other interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(1)–(3). The Federal Rules of Bankruptcy do not provide standards for determining whether to grant leave to appeal interlocutory bankruptcy court orders. Accordingly, courts borrow the standard in 28 U.S.C. § 1292(b) which governs appellate review of interlocutory district court orders. *In re Garmong*, No. 3:19-cv-00116-MMD, 2020 WL 109812, at *2 (D. Nev. Jan. 8, 2020). Thus, to appeal an interlocutory bankruptcy court order, an appellant must show that (1) the order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Interlocutory appeals are generally disfavored and should be granted only under exceptional circumstances. *In re Cement Antitrust*, 673 F.2d 1020, 1026 (9th Cir. 1982).

An appellant "who appeals to the district court and loses there can seek certification to the court of appeals" under § 1292(b) as well. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015); *see also In re Bertain*, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997). If the district court certifies its order for interlocutory appeal, the appellant must then persuade the Ninth Circuit to hear the appeal as well. 28 U.S.C. § 1292(b). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3).

## III.    DISCUSSION

**James C. Mahan**
**U.S. District Judge**

### A. Controlling Question of Law

A controlling question of law is "a pure question of law rather than a mixed question of law and fact or the application of law to a particular set of facts." *Halloum v. McCormick Barstow LLP*, Case No. C-15-2181 EMC, 2015 WL 4512599 at *2 (N.D. Cal. July 24, 2015) (citation and internal quotation marks omitted) (holding that there is no controlling question of law where when the bankruptcy court misapplied settled law). The question of law here is one of pure statutory interpretation, the interpretation and application of Fed. R. Bankr. P. 7004(h). And a question of law is controlling when its resolution could materially affect the outcome. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

### B. Substantial Ground for Difference of Opinion

There is a substantial ground for difference of opinion when reasonable jurists might disagree on an issue, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), or when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted). Here, "[t]he novel and complex nature of whether a division or subsidiary of an FDIC insured Bank that is not insured has only been decided by a single [b]ankruptcy [c]ourt in another district . . . This single decision to analyze this question is both on point and is instructive of the issue in this case." (ECF No. 25 at 7 (citing *In re Tudor*, 282 B.R. 546, 551 (Bankr. S.D. Ga. 2002)). "In the absence of controlling Ninth Circuit precedent, and in the presence of conflicting authority elsewhere, the Ninth Circuit should have the opportunity to review this question of law." (*Id.*).

### C. Materially Advance the Ultimate Termination of Litigation

As aforementioned, a reversal of the bankruptcy court's order voiding Synthesis's confirmed plan would have the "maximum possible material effect on the litigation's outcome": it would end the case. (ECF No. 25 at 6). This would also avoid "protracted and expensive litigation" on the value of the lien at issue. *In re Cement Antitrust*, 673 F.2d 1020, 1026 (9th Cir. 1981).

James C. Mahan
U.S. District Judge

In summary, appeal of the bankruptcy court's interlocutory order and this court's affirmance are the quintessential candidate for review under § 1292(b): "[A] highly debatable question that is easily separated from the rest of the case, that offers an opportunity to terminate the litigation completely, and that may spare the parties the burden of a trial that is expensive for them even if not for the judicial system."  16C Wright & Miller, Fed. Prac. & Proc. § 3930, at 435–36.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Synthesis's motion for leave to appeal under 28 U.S.C. § 1292(b) (ECF No. 25) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT because this issue of statutory interpretation involves a controlling issue of law where there is substantial ground for disagreement, and resolution by the Ninth Circuit could substantially advance the termination of this case, the court CERTIFIES its order and judgment affirming the bankruptcy court (ECF Nos. 19, 20) for immediate appeal under 28 U.S.C. § 1292(b).

DATED June 11, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**